FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 9:52 am, Aug 13, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JORGE LLUFRIO,<br><br>    Petitioner,<br><br>v.<br><br>TRACY JOHNS,<br><br>    Respondent. | CIVIL ACTION NO.: 5:19-cv-122 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jorge Llufrio ("Llufrio"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Llufrio filed a Response.  Docs. 5, 10.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Llufrio's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Llufrio leave to appeal *in forma pauperis*.

### BACKGROUND

Llufrio was convicted in the Northern District of Illinois of conspiracy to distribute controlled substances and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 60 months' imprisonment.  Doc. 5-1 at 2.  He has a projected release date of March 8, 2021, via good conduct time release.  Id.  Llufrio seeks relief based on certain provisions of the First Step Act of 2018.  Doc. 1.

**DISCUSSION**

In his Petition, Llufrio asserts his crimes of conviction do not prohibit him from earning time credit against his sentence based on his participation in programs and "productive activities" under the First Step Act of 2018. Id. at 6. Llufrio also asserts he is not prohibited from earning these credits based on a final order of removal, as Immigration and Customs Enforcement ("ICE") only has a detainer lodged against him. Id. at 7. Llufrio asks this Court to order the Bureau of Prisons ("BOP") to credit him with 120 days of earned time credit beginning on December 21, 2018 through December 21, 2019, and to credit him with 15 days of earned time credit due to his unchanged public safety factor and risk of recidivism following two, consecutive assessments. Id. at 8; Doc. 1-1 at 15–16.

Respondent contends Llufrio's claim is premature and not cognizable under § 2241. Doc. 5 at 2. Respondent additionally contends this Court lacks jurisdiction to review Llufrio's claims. Id.

**I.    Llufrio's Claim Is Premature**

Respondent contends the BOP has not yet determined which programs and activities under 18 U.S.C. § 3632(d)(4) will qualify as "evidence-based recidivism reduction programs or productive activities[,]" allowing credit toward the sentences of those prisoners who successfully complete these activities and programs. Doc. 5 at 1–2. Respondent asserts the BOP is not obligated to offer any programs until two years after the BOP completes a risk and needs assessment for each prisoner. Id. at 2 (quoting 18 U.S.C. § 3621(h)(2)(A)). Respondent states this assessment deadline was January 15, 2020, which makes the deadline for the BOP to provide these programs and, thus, allowing prisoners potentially to obtain credit, January 15, 2022. Id. In addition, Respondent asserts the language in 18 U.S.C. § 3621(h)(4) allows the BOP to

consider expanding the programs and activities already at a prison and offering incentives to prisoners who complete these programs, such as time credit, but this language is permissive. Id. at 4.  Respondent contends Llufrio seeks to bypass the completion of the prescribed process by asking this Court to order the BOP to award him time credits now and assumes the programs in which he has participated will qualify as requisite programs under 18 U.S.C. § 3635(3)(A).  Id. Thus, Respondent contends Llufrio's claim is premature and not yet ripe for review.  Id. at 4–5. In fact, Respondent notes Llufrio's contention that he has already been evaluated under the risk and needs assessment is belied by his own exhibits, which demonstrate Llufrio was told there was no information available because this portion of the First Step Act has a delayed implementation date.  Id.

In response, Llufrio states the BOP's duty to expand programs and assign prisoners to these programs is not discretionary, deferred, or delayed.  Doc. 10 at 8.  Llufrio additionally states the BOP's assessment should be completed within the two-year phase in period, allowing inmates to participate in and complete qualifying programs within that time frame and obtain the benefits associated with the First Step Act.  Id. at 9.  Otherwise, Llufrio contends, waiting until these two years have elapsed before starting the phasing in will exclude from the First Step Act's benefits all inmates whose release dates are before January 15, 2022.  Id. at 9–10.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  "The

[ripeness] doctrine seeks to avoid entangling courts in the hazards of premature adjudication." Shorter v. Warden, 803 F. App'x 332, 335 (11th Cir. 2020) (internal citation omitted) (alteration in original).

On December 21, 2018, the First Step Act was signed into law. Among other things, the First Step Act provides that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, was to develop and release publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632. The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019. See First Step Act of 2018 Risk & Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN"). Additionally, pursuant to the First Step Act, the BOP had 180 days after the Attorney General completed and released the system to implement and complete the initial needs assessment for each prisoner. See Bowling v. Hudgins, Civil No. 5:19CV285, 2020 WL 1918248, at *4 (N.D. W. Va. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1917490 (N.D. Va. Apr. 20, 2020) (finding petition to be premature because the BOP had "180 days, or until January 15, 2020 to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs"). Thus, the deadline was January 15, 2020.

Additionally and as relevant here, the First Step Act gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. 18 U.S.C. § 3261(h); Allen v. Hendrix, 2:19-CV-00107, 2019 WL 8017868, at *2–3 (E.D. Ark. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 890396 (E.D.

4

Ark. Feb. 24, 2020) (finding petition premature because the BOP had "until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs"). This two-year phase-in date has not expired and will not expire until January 15, 2022. Doc. 6 at 2.

Because the First Step Act does not require actual implementation for each inmate until January 2022, Llufrio is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe. Allen, 2019 WL 8017868 at *3. Further, there is nothing before the Court indicating the programs and activities in which Llufrio asserts he has participated will entitle him to his sought after credits or that he has had two, consecutive assessments resulting in his unchanged public safety factor and risk of recidivism. 18 U.S.C. §§ 3632(d)(4)(B), 3635(3). Therefore, to provide Llufrio with "the relief he requests would result in an 'unwarranted federal court interference with the administration of prisons.'" Herring v. Joseph, No. 4:20CV249, 2020 WL 3671375, at *3–4 (N.D. Fla. June 22, 2020) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)), *report and recommendation adopted in part, rejected in part on other grounds*, 2020 WL 3642706 (N.D. Fla. July 6, 2020). Once the changes of the First Step Act have been fully implemented, it will be for the BOP first to determine whether to award Llufrio time credit, not this Court. United States v. Chandler, 1:15-cr-10084, 2020 WL 806370, at *1 (W.D. Tenn. Feb. 18, 2020).

For these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Llufrio's Petition. It is unnecessary to address the remaining grounds Respondent advances in his Motion to Dismiss. See Shorter, 803 F. App'x at 335.

### II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Llufrio leave to appeal *in forma pauperis*. Though Llufrio has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Llufrio's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Llufrio *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Llufrio's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Llufrio leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA